IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CATHERINE HOBEL, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) For Violations of the Fair Labor |
| | ) Standards Act of 1938, As Amended |
| LUXURY INN, LLC, and BOB PATEL, | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |
| | ) |

# COMPLAINT

COMES NOW the Plaintiff, Catherine Hobel ("Plaintiff" or "Cobel"), by and through her undersigned counsel, files this Complaint against Defendants Luxury Inn, LLC[1] and Bob Patel pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), as well as a pendant state claim for negligent supervision and retention, and in support thereof would state as follows:

## I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations

---

[1] There is no company named "Luxury Inn" registered with the Georgia Secretary of State. Accordingly, Plaintiff reserves the right to amend her complaint to identify any corporate entity of Luxury Inn, and its owner and operator, if different from the Defendants named herein.

of the minimum wage, overtime, and anti-retaliation provisions of the Act by Defendants which have deprived the named Plaintiff of her lawful wages and right to be free from retaliation for inquiring about same.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA, as well as damages relating to Defendants' retaliation of Plaintiff.  The Plaintiff was employed by Defendants, working as a housekeeper for Defendants in Albany, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have willfully committed violations of the FLSA by failing to compensate Plaintiff at minimum wage or at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Defendants offered Plaintiff residency at Defendants' hotel and $183.00 per week in exchange for the Plaintiffs' agreement to perform the equivalent of full-time employment (40 hours per week), plus overtime, for the hotel. However, Defendants failed to meet a number of requirements necessary to qualify for credit towards wages pursuant to Section 3(m) of the FLSA.

5. Defendants exceeded the deductible credit allowed pursuant to Section 3(m) of the FLSA by charging Plaintiffs substantially more than the "reasonable cost" of the lodging provided to Plaintiffs as defined in 29 C.F.R. 531.3(a), disqualifying

Defendants from lawfully deducting the costs of lodging from Plaintiff's compensation pursuant to Section 3(m) of the FLSA.

6. Once Plaintiff took residency at Defendants' hotel, Defendants' forced Plaintiff to work overtime, without compensation, by threatening to kick her out of her residence if she refused to work without adequate compensation. True to their word, on May 18, 2022, Defendants forcibly evicted Plaintiff (in violation of O.C.G.A. §§ 44-7-1(a), 44-7-6, and 44-7-7).

7. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate her for the delay in payment of money due which Defendants instead used as working capital, as well as damages relating to Defendants' retaliation against Plaintiff and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

9. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

## III.  PARTIES

10. Plaintiff Catherine Hobel resides in Albany, Georgia.  Hobel was employed by the Defendants as a housekeeper.  She worked for Defendants within this District.  Plaintiff worked for Defendants solely within the State of Georgia.  Plaintiff's duties typically included cleaning hotel rooms and the front office.

11. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

12. Upon information and belief, Defendant LUXURY INN, LLC is a company based in Albany, Georgia, which conducts business within this State and District and maintains its principal place of business at 201 Thornton Drive, Albany, Georgia 31705.[2]  LUXURY INN, LLC owns and operates a business specializing in providing lodging to the general public.

13. LUXURY INN, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit.  Neither LUXURY INN, LLC, nor any entity derivative

---

[2] Plaintiff attempted, throughout the undersigned, to obtain the name, the owner's name, and the registered agent for Luxury Inn, but the hotel was unable and/or unwilling to provide that information.  Accordingly, Plaintiff respectfully reserves the right to amend the names of the corporate and individual defendants should discovery warrant such an amendment.

thereof (i.e. "Luxury Inn, Inc.," "Luxury Inn Corp.," etc.) are registered with the Secretary of State of Georgia.

14. Defendant LUXURY INN, LLC maintains actual and constructive control, oversight, and direction over the operation of its employees.

15. Defendant BOB PATEL is the owner and operator of LUXURY INN, LLC and has actual and constructive control, oversight, and direction over the day-to-day operations of LUXURY INN, LLC, including, but not limited to, the compensation of LUXURY INN, LLC employees and the hours those employees work.

16. At all times material to this action, Defendant LUXURY INN, LLC was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant LUXURY INN, LLC specializes in providing hotel rooms services in the States of Georgia to interstate and intrastate travelers. Defendant LUXURY INN, LLC utilizes bank accounts with banking entities which transact business outside the State of Georgia. Defendant LUXURY INN, LLC regularly utilizes materials manufactured outside the state of Georgia for the benefit of Defendant LUXURY INN, LLC clients. Defendant LUXURY INN, LLC typically rents rooms to interstate travelers. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant LUXURY INN, LLC's business.

17. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV.  VIOLATIONS OF THE FLSA

### COUNT 1- Violations of the minimum wage provisions of the FLSA

19. Defendants employed Plaintiff as a housekeeper in Albany, Georgia.

20. Plaintiff was employed by Defendants from March 15, 2022, until May 18, 2022.

21. During most weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was only compensated for 40 hours of work per week.  Plaintiff typically worked six (6) hours per day (8:00 a.m. through 2:00 p.m. cleaning rooms, and 4:00 through 5:00 cleaning the front lobby), Monday through Sunday, during each week of her employment.  For the majority of Plaintiff's employment with Defendants, Plaintiff worked approximately 42 hours per week.

22. During Plaintiff's employment, Plaintiff was paid between sixty-five dollars and zero cents ($65.00) and ninety one dollars and fifty cents ($91.50) per week, for an effective hourly rate of between one dollar and sixty-three cents ($1.63) and two dollars and twenty-nine cents ($2.29) per hour for forty (40) hours.[3]

---

[3] As discussed, infra, Plaintiff worked an additional two overtime hours per week without compensation.

23. Plaintiff did not receive proper compensation for hours worked during the following weeks applicable to this action: 3/14/22, 3/21/22, 3/28/22, 4/4/22, 4/11/22, 4/18/22, 4/25/22, 5/2/22, 5/9/22, and 5/16/22.

24. Plaintiff seeks unpaid minimum wage compensation for 40 hours per week calculated at the difference between what she was paid (an approximate average of $1.96 per hour) and the minimum wage ($7.25 per hour), or $5.29 per hour. Specifically, Plaintiff seeks no less than two thousand thirty-one dollars and thirty-six cents ($2,031.36)[4] in underpaid minimum wage compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid minimum wages of four thousand sixty-two dollars and seventy-two cents ($4,062.72), plus attorney's fees and costs.

25. Defendants also took improper deductions from their employees' paychecks in violation of Section 3(m) of the FLSA. Specifically, Defendants charged Plaintiff $40 per night, or $280 per week, to stay at the hotel, a rate which greatly exceeded the actual cost Defendants were allowed to charge Plaintiff. 29 C.F.R. 531.3(b), *Donovan*, 676 F.2d at 475 ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA,… does not satisfy the employer's burden of proving reasonable cost.");

---

[4] ($7.25 [minimum wage] - $1.96 [hourly wage]) X 6 [hours per day] X 64 [days worked] = $2,031.36.

*Washington v. Miller*, 721 F.2d 797, 803 (11th Cir. 1983) ("'Reasonable cost' does not include a profit to the employer or any affiliated person."); and *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1514 (11th Cir. 1993)(finding that the employer bears the burden of proving reasonable cost and that the "employer's unsubstantiated estimate of his cost" does not meet that burden.).  Plaintiff seeks reimbursement of all amounts charged by Defendants for rent in excess of the actual cost incurred by Defendants for Plaintiff's tenancy.  Specifically, Plaintiff seeks restitution of one thousand nine hundred twenty dollars and zero cents ($1,920.00) in rent unlawfully deducted by Defendants from Plaintiff's compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of three thousand eight hundred forty dollars and zero cents ($3,840.00) related to Defendants' unlawful rent deductions.

**COUNT 2- Violations of the overtime provisions of the FLSA**

26. Throughout Plaintiff's employment with Defendant, and during the applicable temporal scope of this litigation, Plaintiff frequently worked more than 40 hours per week without being paid overtime compensation.  Specifically, Plaintiff typically worked two hours of overtime each week without any compensation.  The amount of unpaid overtime due to the three named Plaintiffs is one thousand three hundred ninety-two dollars and zero cents ($195.75).  The formula for determining unpaid overtime wages is $7.25 [minimum wage] X 1.5 [overtime rate] X 2 [overtime hours

worked per week, on average, by Plaintiff] X 9 [number of weeks employed]. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid minimum wages of three hundred ninety-one dollars and fifty cents ($391.50), plus attorney's fees and costs.

**COUNT 3- Violations of the anti-retaliation provisions of the FLSA**

27. Defendants unlawfully retaliated against Plaintiff by terminating her employment after Plaintiff inquired about potential unpaid wages in violation of the anti-retaliation provisions of the FLSA.

**V. PRAYER FOR RELIEF**

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of minimum wage and overtime compensation due which the Defendants unlawfully used instead as working capital of the business.

B. Plaintiff be reimbursed for all amounts of rent that was automatically deducted from her paycheck by Defendants, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment compensation due which the Defendants unlawfully used instead as working capital of the business;

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 21st day of June, 2022.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff